# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **AUREA MARIE KAAUAMO**, |
| Plaintiff, |
| v. |
| **LEGACY DEVELOPMENT, LLC,** *et al.*, |
| Defendants. |

Case No. 18-cv-2099 (CRC)

## MEMORANDUM OPINION

*Pro se* plaintiff Aurea Kaauamo believes she is legally entitled to continue living in a home on the Hawaiian island of Maui. Defendants Legacy Development, LLC, and Maui Process Service, LLC, see things differently. The defendant companies do business only in Hawaii, and their owners likewise live and work in Hawaii. If the reader is wondering why a Hawaiian tenancy dispute involving solely Hawaiian actors is percolating in federal court in Washington, D.C., your legal instincts are sharp. This Court does not have personal jurisdiction over the defendants and therefore will transfer the case to a court that does.

Only a few facts are relevant to the legal analysis here. Legacy Development bought a home on Maui in the spring of 2018. Complaint ¶ 5. Plaintiff Kaauamo claimed she had a right to continue living in the home as a tenant pursuant to a lease executed with the former owners. Legacy Development's Mot. for Summ. J., Declaration of Emily Bowden ("Bowden Decl.") (ECF # 3-2) ¶ 10. Legacy Development disagreed and retained Maui Process Services to assist with evicting Kaauamo. Maui Process Service's Mot. Summ. J., Declaration of Christopher James Williams ("Williams Decl.") (ECF. No. 5-2). Kaauamo resisted and is apparently still living in the home. Id. ¶ 7. She filed this suit to establish her lawful possession and seek other

damages. Complaint ¶ 21. She brings her claims under the Protecting Tenants at Foreclosure Act, Pub. L. 111-22 § 702, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the common law.

Personal jurisdiction can take two forms: general and specific. Daimler AG v. Bauman, 571 U.S. 117, 126 (2014). General jurisdiction exists over a business defendant when its contacts with the forum state are "so continuous and systematic as to render them essentially at home in the forum State." Id. at 127 (quotation omitted). Specific jurisdiction exists when a defendant with less substantial affiliation with the forum state nevertheless engages in "some single or occasional acts" that are sufficient "to subject the corporation to jurisdiction in that State's tribunals with respect to suits relating to that in-state activity." Id. (quotation omitted).

Neither Legacy Development nor Maui Process Services are alleged to be "at home" in the District of Columbia, so Kaauamo's only plausible argument would be for specific personal jurisdiction. But that does not work either. According to the undisputed declaration of its owner, Legacy Development is a limited liability corporation[1] organized under the laws of Hawaii and is neither licensed to do business in Washington, D.C. nor otherwise does business in D.C. Bowden Decl. ¶ 3. And even if Legacy did have minimum contacts with D.C. sufficient to provide a basis for specific personal jurisdiction, the subject of the lawsuit still must be related to those contacts. Daimler, 571 U.S. at 127. Kaauamo's claim is not related to any of those (hypothetical) contacts; it is based on a landlord-tenant dispute local to Hawaii. Bowden Decl. ¶ 4. As for Maui Process Services, its owner attests that it is a Hawaii limited liability corporation that does no business in the District of Columbia. Williams Decl. ¶ 3. And even if it did do

---

[1] Both Defendants use this term, but the Court assumes they mean limited liability *company*.

some business in D.C., its alleged involvement in this suit concerns only its delivery of an eviction notice in Hawaii. Id. ¶¶ 5-9. The defendant companies have therefore shown that they lack the sort of contacts with the District of Columbia that are sufficient to give this Court personal jurisdiction over them. The same is true for the individual defendants. See Bowden Decl. ¶ 4; Williams Decl. ¶ 8.

Accordingly, the Court will transfer this case to the United States District Court for the District of Hawaii, where it appears it might have been brought. 28 U.S.C. § 1406(a) (authorizing district courts, in the interest of justice, to transfer a case to any district in which it could have been brought).

CHRISTOPHER R. COOPER
United States District Judge

Date: November 13, 2018